UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KEITH WATSON,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-184

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Docs. 5, 6. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 16), Plaintiff's reply (doc. 17), the administrative record (docs. 8, 9), and the record as a whole.[2]

**I.**

**A.**    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of September 25, 2008. PageID 266-78. Plaintiff claims disability as a result of a number of alleged impairments

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

including, *inter alia*, morbid obesity bilateral sensorineural hearing loss, obstructive sleep apena, diabetes mellitus, arthritis, and chronic headaches. PageID 936.

After initial denial of his applications, Plaintiff received a hearing before ALJ Gregory G. Kenyon on December 12, 2013. PageID 91-117. Thereafter, the ALJ issued a written decision on February 21, 2014 finding Plaintiff not disabled. PageID 73-82. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 80. After the Appeals Council denied Plaintiff's request for review (PageID 53-55), Plaintiff appealed to this Court, which remanded the ALJ's decision for further proceedings. PageID 1016-29.

On remand, Plaintiff again received a hearing before ALJ Kenyon. PageID 1659-82. On April 27, 2018, the ALJ issued a written decision again finding Plaintiff not disabled. PageID 933-48. Once again, the ALJ specifically concluded that, based upon Plaintiff's RFC to perform a reduced range of sedentary work, "there are jobs that exist in significant numbers in the national economy that [he] can perform[.]" PageID 946. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's second non-disability finding the final administrative decision of the Commissioner. PageID 923-26. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

2

B.	**Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 71-79), as well as the parties' briefing on appeal (docs. 10, 13, 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

II.

A.	**Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff alleges that the ALJ erred in weighing the medical source opinions of record, particularly the opinion of treating physician Jennifer McDonald, M.D. Doc. 10 at PageID

4

1687-94.  Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013).  In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers.  *Id*.  Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]"  20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record."  *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013).  Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors,[4] including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician."  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once."  *Snell*, 2013 WL 372032, at *9.

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps."  *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013).  Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527.  *Id.*

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, Dr. McDonald opined on July 26, 2013 that Plaintiff could lift ten pounds occasionally and five pounds frequently; stand/walk for two hours per workday and for up to fifteen minutes at a time without interruption; sit for three hours per workday and for a half-hour at a time without interruption; never climb, stoop, crouch or crawl; and occasionally balance and kneel. PageID 1148-51. In addition, Dr. McDonald opined that Plaintiff would miss more than three days of work each month because of his impairments (or because of treatment for those impairments) and that his psychological symptoms would cause him to be distracted for up to one-third of the workday. PageID 1151. In Dr. McDonald's opinion, Plaintiff could not perform even sedentary work on a sustained basis. PageID 1152.

The ALJ gave Dr. McDonald's opinion "partial weight" and found him capable of performing sedentary work with the following additional limitations:

> (1) occasional crawling, crouching, kneeling, stooping, balancing, and climbing ramps and/or stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery, or operation of a motor vehicle as part of job duties; ( 4) no concentrated exposure to loud noise; (5) limited to performing work in environments involving exposure to no more than moderate level background noise such as that found

6

> in a department store or a grocery store; (6) no telephone work; (7) occasional contact with co-workers and supervisors; (8) no public contact; (9) limited to unskilled, simple, repetitive tasks due to interference from pain; and (10) he must be permitted the use of a cane when standing or ambulating.

PageID 941. In this regard, the ALJ specifically rejected Dr. McDonald's opinion regarding Plaintiff's inability to sit for more than three hours per workday, as well as her opinion regarding Plaintiff's inability to crouch, crawl, stoop, and climb stairs and/or ramps. PageID 945-46. The ALJ also rejected Dr. McDonald's conclusion that Plaintiff would miss more than three days of work per month and would be distracted for up to one-third of the workday. *Id*.

Plaintiff's assignment of error focuses on the ALJ's rejection of Dr. McDonald's limitations regarding Plaintiff ability to sit, crouch, crawl, stoop, and climb stairs and/or ramps. Doc. 10 at PageID 1689, 1693. In finding Plaintiff incapable of sitting for more than three hours per workday and unable to ever crouch, crawl, stoop and climb, Dr. McDonald cited Plaintiff's "difficulty with [his] back [and] hips." PageID 1149.

The ALJ, in rejecting these limitations, found that "there is evidence of only mild degenerative changes in the lumbar spine with no evidence of any significant hip impairment." PageID 945. The "mild degenerative changes" cited by the ALJ appears to reference an x-ray taken on July 29, 2015 revealing "[m]ild anterior osteophyte formation of multiple lower lumbar levels" with "mild facet arthrosis of L5-S1." PageID 1308. While Plaintiff's morbidly obese physique "limit[ed] [the] quality of [the] study," the final impression given such x-ray was, as noted by the ALJ, mild degenerative changes of the lower lumbar spine. *Id*.

While there is no debating that the ALJ properly noted the impression of the x-ray, it is unclear to the undersigned how the presence of "degenerative changes," even if "only mild," in Plaintiff's lumbar spine -- not to mention other clinical findings of record not noted by the ALJ in weighing Dr. McDonald's opinion, such as pain with flexion of the lumbar spine; tenderness of the lower back; tenderness to palpation on the lumbar and thoracic spine; and a reduced range of

7

motion in the lumbar spine, PageID 777, 919, 1287, 1299, 1305, 1490 -- undermines Dr. McDonald's opinion, especially when considered in combination with Plaintiff's excessive obesity.[5] This is especially true where, as here, no medical source of record reviewed the x-ray finding or the majority of the aforementioned clinical findings.

A person's RFC is the most that an individual can do despite all of his or her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a)(3). While the ALJ is responsible for determining the RFC, *see* 20 C.F.R. § 404.1546(c), in doing so, "the ALJ may not interpret raw medical data in functional terms." *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008). Thus, "[c]ritical to this [RFC] finding are residual capacity opinions offered by medical sources." *Id*.

Here, the only medical sources of record finding Plaintiff capable of sitting for more than three hours per workday were the record-reviewing physicians, all of whom concluded that Plaintiff could sit for six hours per workday. PageID 125, 139, 153, 166, 176. These record-reviewing physicians include: (1) Maria Congbalay, M.D., who issued an opinion on January 10, 2012; (2) Steve McKee, M.D., who offered an opinion on April 12, 2012; and (3) Jean Diemer, M.D., who offered an opinion on October 15, 2012. *Id*. The ALJ gave "[s]ubstantial general

---

[5] Plaintiff weighed 516 pounds at a height of 5'6" for a body mass index ("BMI") of 83.46[5] in November 2017 (PageID 1490). *See* Soc. Sec. Ruling ("SSR") 02-1p, 2002 WL 34686281, at *6 (Sept. 12, 2002) ("The combined effects of obesity with other impairments may be greater than might be expected without obesity").

8

weight" to these record-reviewers' opinions, thus apparently adopting their conclusion that Plaintiff could sustain six hours of sitting each workday. PageID 944.

However, given that all the record-reviewers offered opinions in 2012, they did not review the entire record and, most importantly, never reviewed, as noted above, the results of Plaintiff's July 2015 lumbar x-ray or many of the aforementioned clinical findings. *See* PageID 919 (noting clinical findings in July 2013); PageID 1287 (noting clinical findings in March 2016); PageID 1299 (noting clinical findings in August 2015); PageID 1305 (noting clinical findings in July 2015); PageID 1308 (noting x-ray findings in July 2015); PageID 1490 (noting clinical findings in November 2017). "While opinions of record reviewers can be substantial evidence [i]n appropriate circumstances to discount the opinion of examining and treating sources[,] the record [ ]reviewer must generally have had "access to the entire body of medical evidence." *Schumpert v. Comm'r of Soc. Sec.*, 310 F. Supp. 3d 903, 910 (S.D. Ohio 2018) (internal quotations omitted).

Further, "[w]here, as here, an ALJ determines a plaintiff's RFC without a medical opinion based upon the entirety of the medical evidence of record, the Court cannot find substantial evidence exists to support the ALJ's determination." *Bryant v. Comm'r of Soc. Sec.*, No. 3:15-CV-354, 2017 WL 489746, at *4 (S.D. Ohio Feb. 7, 2017), *report and recommendation adopted sub nom. Bryant v. Berryhill*, No. 3:15-CV-354, 2017 WL 713564 (S.D. Ohio Feb. 22, 2017); *see also McCabe v. Comm'r of Soc. Sec.*, No. 3:19-CV-96, 2020 WL 1983079, at *3 (S.D. Ohio Apr. 27, 2020). Based on the foregoing, substantial evidence does not support the ALJ's rejection of Dr. McDonald's limitations regarding Plaintiff ability to sit, crouch, crawl, stoop, and climb stairs and/or ramps.

In addition to the foregoing, the undersigned finds error in the ALJ's rejection of Dr. McDonald's opinion concluding that Plaintiff would likely miss three or more days of work each month because of his "impairments or treatment[.]" PageID 946, 1151. In rejecting this conclusion, the ALJ stated that Dr. McDonald's opinion regarding absenteeism is "not consistent with the normal mental status examinations set forth in her records and the lack of significant treatment for the claimant's

9

reported depression." PageID 946. As a result, the ALJ found such conclusion to be "purely speculative[.]" *Id*.

But Dr. McDonald never opined that Plaintiff's likely absenteeism resulted solely from his mental health impairments. PageID 1151. The only limitation Dr. McDonald specifically noted would result from Plaintiff's "psychological symptoms," *i.e.,* the amount of time he may be distracted during the workday. *Id*. Given that Plaintiff, in addition to his purportedly non-severe mental impairments, suffers from numerous severe physical impairments -- including, *inter alia*, morbid obesity, arthritis, diabetes, and obstructive sleep apnea with many reports of fatigue (PageID 909, 912, 914, 1162, 1171, 1191, 1272, 1274, 1286, 1304, 1373, 1376, 1381, 1386) -- the undersigned finds the ALJ's rejection of Dr. McDonald's opinion based solely on the lack of mental status findings to be unsupported by substantial evidence.

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, while evidence of disability may be considerable, it is not overwhelming, and a remand for further proceedings is necessary.

10

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

  **IT IS SO ORDERED.**

Date: September 28, 2020      s/ Michael J. Newman
                   Michael J. Newman
                   United States Magistrate Judge